## WILLIAM BEVENS v. ETHAN A. SMITH.

1. GENERAL VERDICT — *Special Findings — Harmony.* Where the general verdict of a jury and their special findings of fact can be harmonized and made to agree by taking into consideration the entire record of the case, and construing the same liberally for that purpose, it is the duty of the court to so harmonize them.

2. ——— *No Conflict. Held,* That in this case there was no conflict between the general verdict of the jury and their special findings prejudicial to the plaintiff in error.

*Error from Atchison District Court.*

THE opinion contains a sufficient statement of the facts. Judgment for plaintiff *Smith,* at the September term, 1887. The defendant *Bevens* brings the case here.

*W. W. & W. F. Guthrie,* for plaintiff in error.

*S. H. Glenn,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: Counsel for the plaintiff in error, defendant below, in their brief filed in this court make the following statement:

"The sole question in this case is as to what judgment should

be entered on the special findings. It is a case where the necessity of special findings to control the tendency of juries to 'lump things' into 'general results' is especially apparent. Upon each of the five causes of action of defendant in error, plaintiff below, the jury found specially the amount of his recovery; and out of these numerous items of defendant's counterclaim, allowed him five. The jury brought in a general verdict for $365.15. The judge thought the verdict inconsistent with the special findings, and by consent of plaintiff, to avoid a new trial, reduced this amount by $71.99 before entering judgment. Plaintiff in error, defendant below, brings this case here because he thinks the judgment as rendered inconsistent with the special findings, in that judgment upon the special findings should have been for only $134.16."

The judgment was in fact rendered for $293.16, and costs of suit. The counsel for the defendant in error, plaintiff below, complains as strenuously of the verdict and findings of the jury and of the judgment of the trial court as do the counsel for plaintiff in error. The counsel for the defendant in error claims that the judgment in favor of his client should have been for a sum not less than $665.35; but in the condition of the record brought to this court, and as no cross-petition has been filed in this court, we cannot consider any of the complaints made by the defendant in error, but must confine our investigation solely to the complaints made by the plaintiff in error. Of course if the special findings of fact made by the jury are inconsistent with their general verdict, the former will control the latter, and the judgment in the case must be rendered accordingly. (*Nichols v. Weaver*, 7 Kas. 373.) But the special findings of the jury will not be held to be inconsistent with their general verdict unless they are clearly and necessarily so. If the special findings and the general verdict can be harmonized and made to agree by taking into consideration the entire record of the case and construing the same liberally, for that purpose it is the duty of the court to so harmonize them. Upon this question see the following cases: *Partonier v. Pretz*, 24 Kas. 238; *Mays v. Foster*, 26 id. 518; *Mo. Pac. Rly. Co. v. Holley*, 30 id. 465. Viewing the case in this light,

1. General verdict—special findings—harmony.

2. No conflict. there is certainly no conflict between the special findings and the general verdict of the jury prejudicial to the plaintiff in error. The defendant in error has as much reason to complain in this respect as the plaintiff in error has. Indeed, if the general verdict of the jury and the judgment of the court below had been for a larger sum than they actually were, we would still think that the judgment might be sustained. We think it is useless to go into the details of the special findings. We might say, however, that if the jury, in making up their general verdict, had allowed all the items mentioned in their special findings, for and against both parties, without interest, their general verdict would have been in favor of the plaintiff below, defendant in error, and against the defendant below, plaintiff in error, for $397.13. And if they had allowed interest on such of the items as they should have allowed interest, the amount of the general verdict in favor of the plaintiff below would have been increased; and if they had allowed interest on all the items, the amount of the general verdict in favor of the plaintiff below would have been still further increased. The jury, however, in making up their general verdict, did not allow all the items mentioned in their special findings. They probably disallowed items claimed by each of the parties. If they had allowed all the items in favor of the plaintiff below, we could not say that they would have thereby committed any error; and if they had refused to allow certain items in favor of the defendant below, to wit, one item of $283.50 for the defendant's watching and taking care of the land under his right as a tenant, and another item of $24.19 for repairing fences, which last-mentioned item was included in another item of $141.18, we could not say that the verdict would have been erroneous.

In whatever aspect we may view this case we cannot say that any error was committed by or in the court below prejudicial to the defendant below, plaintiff in error, and therefore the judgment of the court below will be affirmed.

All the Justices concurring.