# Kiercok *v.* Philadelphia & Reading Coal & Iron Co., Appellant.

*Workmen's compensation—Injury while at work—Death—Course of employment—Evidence.*

An allowance of a claim for death of claimant's husband will be sustained, where there is competent and sufficient evidence to support a finding that deceased while at work in rolling a log in the course of his work, was struck or jarred by the log when it slipped from its hooks, and that as a consequence of the injury he suffered hemorrhage from the kidneys, and died nine days after the accident and by reason thereof.

Argued February 14, 1921. Appeal, No. 51, Jan. T., 1921, by defendant, from judgment of C. P. Schuylkill Co., March T., 1920, No. 199, affirming decision of Workmen's Compensation Board which sustained award of referee, awarding allowance, in case of Mary Kiercok v. Phila. & Reading Coal & Iron Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board.    Before BERGER, J.

The opinion of the Supreme Court states the facts.

The court affirmed the decision of the Workmen's Compensation Board, sustaining award of claim by the referee: See 29 Pa. Dist. R. 1045; 16 Schuylkill L. R. 180.    Defendant appealed.

*Error assigned,* among others, was above decree, quoting it.

*Jno. F. Whalen,* with him *Geo. Ellis,* for appellant.

*Henry Houck,* for appellee.

PER CURIAM, March 7, 1921:

An award by the Workmen's Compensation Board in plaintiff's favor was affirmed by the lower court. Defendant appealed. Under the statement of the questions involved the validity of the award depends upon "whether there was sufficient competent testimony in the case on which to base a finding that claimant's husband, while employed by appellant, sustained an injury which resulted in his death." Plaintiff's claim is her husband —who had been in defendant's employ for more than fourteen years—on July 7, 1919, received injury while at work, which resulted in his death nine days later. At the time of receiving his injury deceased, with two other fellow workmen, was engaged in rolling a log approximately twenty-eight feet in length and sixteen inches in diameter. They were using cant hooks to turn the timber when the hook used by one of the workmen slipped, throwing the log back and causing it, plaintiff claims, to jar or strike her husband, inflicting the injury from which he subsequently died. To establish this contention the evidence of two persons working with Kiercok was that the timber, a V shaped stick, required considerable effort to roll, that the cant hook of one of the

workmen slipped, allowing the log to roll back "jarring" or knocking the hook from Kiercok's hand. This happened at practically quitting time and, upon Kiercok's arrival home, he was faint and weak and was undressed and put to bed by members of his family. A doctor was called who found him passing blood and suffering from a "hemorrhage from the kidneys, most likely, or from the bladder," which condition the doctor said probably resulted from a jar of the body or a strain. An examination by the doctor disclosed "a tenderness and immobility. He was sore all across the lumbar region.....and particularly over the bladder." Kiercok was sent to the hospital on the 16th of July and died on the 18th. Other physicians called by defendant testified a jar to a person, such as indicated above, might rupture a blood-vessel and produce the condition from which Kiercok suffered.

The testimony received to establish the facts above set forth was clearly competent and sufficient to sustain the conclusion that "the decedent met his death because of an accidental injury suffered in the course of his employ with the defendant company."

The assignments of error are overruled and the judgment affirmed.