No. 28,287.

MARY RIGGS et al., *Appellees*, v. THE ASH GROVE LIME & PORTLAND CEMENT COMPANY, *Appellant*.

(272 Pac. 153.)

Opinion filed December 8, 1928.

*T. R. Evans*, of Chanute, for the appellant.

*F. J. Oyler*, of Iola, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover under the workmen's compensation act. (R. S. 44-501 *et seq.*) A demurrer by the defendant to plaintiff's petition was overruled and the defendant appeals.

The petition alleged substantially that William Riggs, while in the performance of his duties for defendant, covering a period of years, breathed cement dust and gases to such an extent that his lungs were filled, resulting in weakness of the arteries of the heart and especially of the aorta, causing the mucous membrane of the lungs and the arteries surrounding the heart to become diseased and weakened; that while in this condition, as part of his duties, he was compelled to climb a ladder, the exertion of which overtaxed him, and that the arteries of the heart gave way, failed to function and caused instant death.

The defendant contends that there are no facts set out in the petition showing or tending to show that the death of the deceased was due to an accident arising out of his employment; that "there

is no time, place or circumstance alleged where the thing called an accident occurred."

It is apparent that the pleader intended to bring himself within the rule announced in *Gilliland v. Zinc Co.*, 112 Kan. 39, 209 Pac. 658, wherein it was held that where one became overheated and drank ice water which caused congestion of the vascular system and death, the death resulted from an accident within the scope and purpose of the workmen's compensation act; that the workman's death was caused by an accident arising out of and in the course of his employment. Also, within the rule announced in *Gilliland v. Cement Co.*, 104 Kan. 771, 180 Pac. 793, wherein it was held that where the workman had worked for three years in the sacking department of the cement plant, which was a very dusty place, and up until the time of his death apparently was in good health and spirits, and at the time of his death his employment required him to break large rock with a sledge and shortly after he ate his lunch and while using the sledge to break rock he suffered a pulmonary hemorrhage from which he died, under such facts and circumstances the injury arose out of the employment within the meaning of the workmen's compensation act. Also, within the rule announced in *Blackburn v. Brick & Tile Co.*, 107 Kan. 722, 193 Pac. 351, where it was said that if by weakening resistance, or otherwise, an accident so contributes to or influences the progress of an existing disease as to cause a disability, it is sufficient to justify an award under the workmen's compensation act. In *Stringer v. Mining Co.*, 114 Kan. 716, 220 Pac. 168, it was said:

"A workman was employed as a sludge man in the mill of a lead and zinc mine. While making some ordinary repairs about the mill, which was a part of his duty, he suffered a hemorrhage of the lungs, from which he died in a few minutes. Three years prior thereto he had the influenza, which weakened his lungs so that he coughed and spit up phlegm at night. There was medical evidence that in the weakened condition of his lungs the exertion of his work might have caused the hemorrhage. *Held*, sufficient to sustain a finding that his death was the result of an accident arising out of and in the course of his employment under the workmen's compensation act." (Syl.)

We are of the opinion that the allegations of the petition bring it within the rule announced in the above-cited cases. If the deceased while in the performance of his duties overexerted himself to such an extent that it caused a rupture of the aorta, which immediately caused his death, the rule announced in the cases cited

would be applicable. (See, also, *Patrick v. J. B. Ham Co.*, 111 Atl. 912, 13 A. L. R. 427 [Maine]; *Peoria Terminal Co. v. Indus. Board*, 279 Ill. 352, 116 N. E. 651; *St. Clair v. A. H. Meyer Music House*, 178 N. W. 705; *Kiercok v. Phila. & Reading C. & I. Co.*, 270 Pa. 17, 112 Atl. 746.)

The judgment is affirmed.