No. 29,585.

MARY RIGGS and ALPHA RIGGS, Minors, by MARY RIGGS, Their Mother and Next Friend, *Appellants,* v. THE ASH GROVE LIME AND PORTLAND CEMENT COMPANY, *Appellee.*

(289 Pac. 410.)

Opinion filed July 5, 1930.

*T. F. Morrison,* of Chanute, *F. J. Oyler* and *G. R. Gard,* both of Iola, for the appellants.

*T. R. Evans* and *John J. Jones,* both of Chanute, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by the dependents of a deceased workman to recover compensation under the workmen's compensation act. (R. S. 44-501 *et seq.*) The case was brought to this court on a demurrer to the petition (*Riggs v. Ash Grove L. & P. C. Co.,* 127 Kan. 91, 272 Pac. 153), where it was held that the petition contained allegations stating a cause of action. The case was tried to a jury in November, 1929, resulting in a verdict for plaintiffs. Defendant's motion for a new trial was sustained December 21, 1929, and the case was tried to a jury a second time on February 24, 1930. At that trial the jury returned a general verdict for plaintiff and answered special questions: (1) that the workman was sixty years of age at the time of his death, (2) that he had not been in apparent good health prior to the date of his death, and (3) that the direct cause of his death was "heart failure—acute." Defendant filed a motion for judgment on the special findings notwithstanding the general verdict. This motion was heard and sustained March 15, 1930. Plaintiffs have appealed from the order of the court of December 21, 1929, granting a new trial, and have also appealed from the order of the court of March 15, 1930, sustaining defendant's motion for judgment on the special findings, and from incidental rulings and orders adverse to them in both trials.

Appellants contend that the order of the court of December 21, 1929, granting a new trial, being an appealable order, and the appeal having been taken within six months from the date of the order, they are entitled to be heard upon it. Appellee contends that having participated in the second trial, in conformity with the order of the court of December 21, 1929, granting a new trial, appellants are not now in position to complain of the order granting a new trial, having waived their right to appeal from that order, or are estopped from doing so, and cite authorities supporting that view. (*Brown v. Tolles*, 7 Cal. 398; *Geraghty v. Randall*, 18 Colo. App. 194; *Tyler's Ex'or v. Wigginton*, 12 Ky. L. 46; *Trundle v. The Providence-Washington Ins. Co.*, 54 Mo. App. 188; *Schlesingen v. Springfield F. & M. Ins. Co.*, 9 N. Y. S. 727; *Speer v. Meschine*, 46 S. C. 505; *Ewing et al. v. Lunn*, 22 S. D. 95; *Kayser v. Hartnett*, 67 Wis. 250.) But we find it unnecessary to determine the question, for the reason that the motion for a new trial was on the usual statutory grounds, and the order granting the new trial also was general, no specific reason being given by the court. In this situation, by the authority of repeated decisions of this court, the ruling of the trial court will not be disturbed. (See *Hughes v. Vossler*, 110 Kan. 279, 203 Pac. 1107, and cases there cited.)

The ruling of the court of March 15, 1930, sustaining defendant's motion for judgment on the special findings notwithstanding the general verdict, presents a more serious question. Among other things, the petition alleged, in substance: that the workman had been employed by defendant about fifteen years in the department where cement was burned and sacked; that it was a part of his duties to operate a heavy piece of machinery called a drag; that there was always a great amount of cement dust and gases in that part of the building where the workman performed his duties; that defendant had heavy machinery used for manufacturing cement in that part of the building and had erected ladders to the top of such machinery about ten feet, which the workman had to climb in order to oil, look after and repair the machinery, which was a part of his duties; that the breathing of the cement dust and gases where he worked, which filled his lungs, had caused a weakening of the heart, and the membranes and arteries of the lungs and heart to become diseased and weakened to such an extent that excitement or exertion caused by his employment would result in death, and that on the morning of April 19, 1926, while the workman was engaged in performing his duties he climbed to the top of the ladder to oil

the machinery, and when he had finished he descended the ladder, and that this overexerted him to the extent that the heart failed to perform its functions and resulted in instant death.

It was defendant's contention that these allegations disclosed that the workman's death resulted from an occupational disease, not compensable under the workmen's compensation law (*Hoag v. Laundry Co.*, 113 Kan. 513, 215 Pac. 295; *Taylor v. Swift & Co.*, 114 Kan. 431, 219 Pac. 516; *Chop v. Swift & Co.*, 118 Kan. 35, 233 Pac. 800; *Echord v. Rush*, 124 Kan. 521, 261 Pac. 820), rather than by accident within the meaning of that statute. That was the question presented to this court when the case was first here (127 Kan. 91, 272 Pac. 153), and it was decided against defendant's contention, on the authority of *Gilliland v. Cement Co.*, 104 Kan. 771, 180 Pac. 793; *Blackburn v. Brick & Tile Co.*, 107 Kan. 722, 193 Pac. 351; *Gilliland v. Zinc Co.*, 112 Kan. 39, 209 Pac. 658; *Stringer v. Mining Co.*, 114 Kan. 716, 220 Pac. 168, and allied cases from other states.

On the trial the evidence was in accord with the allegations of the petition. The general verdict was for plaintiffs, and in answer to a special question the jury found that the direct cause of the workman's death was "heart failure—acute."

Is the answer to the special question so in conflict with the general verdict that the latter cannot stand? If so, the ruling of the trial court sustaining defendant's motion for judgment in its favor on the answers to special questions, notwithstanding the general verdict, was correct (R. S. 60-2918), but if it were not so in conflict the ruling was erroneous. It is the rule, often announced by this court, that the general verdict for plaintiff imports a finding in his favor on all facts at issue except those specifically found against him by the answers to special questions. (*Morrow v. Bonebrake*, 84 Kan. 724, 115 Pac. 585; *Hollingsworth v. Berry*, 111 Kan. 730, 207 Pac. 841.) Every reasonable presumption is indulged in to support the general verdict. The special findings and general verdict should be so construed to harmonize them, if that can reasonably be done. (*Bevens v. Smith*, 42 Kan. 250, 21 Pac. 1064; *Calvin v. Schaff, Receiver*, 118 Kan. 196, 200, 234 Pac. 1006; *Moore v. Connelly*, 119 Kan. 35, 38, 237 Pac. 900.) It is error for the court to set aside a general verdict and enter judgment on the special finding unless the inconsistency between them compels such action. (*Osburn v. Railway Co.*, 75 Kan. 746, 90 Pac. 289.) These principles are so firmly established in our jurisprudence that they are not controverted here.

In support of the judgment of the trial court appellee says: "Is heart failure, acute, a disease? If it is, then the action of the court below was right and should be affirmed by this court." But we are cited to no authority, either legal or medical, holding that heart failure, acute, either is or is not a disease. The jury did not necessarily find the workman had heart disease, but found that his heart ceased or failed to function; that the failure was acute—hence, sudden. When we compare this answer with the general verdict we find no such conflict between them as requires the setting aside of the general verdict, for the sudden failure of the heart to function may very well have been caused by the conditions pleaded in the petition and supported by the evidence. (See *Gilliland v. Cement Co.*, supra, *Stringer v. Mining Co.*, supra, and authorities cited therein; also *Thompson v. City of Binghamton*, 218 N. Y. S. 355; *Piggott v. Ross & Wentworth*, 234 Mich. 634.)

The result is that the judgment of the court below must be reversed, with directions to enter judgment for plaintiffs in harmony with the general verdict.