No. 31,662

ELIZABETH HARDCASTLE and THE WARREN MORTGAGE COMPANY, *Appellees,* v. JOHN A. McCLUSKEY et al.; MABEL M. McCLUSKEY, Intervener, *Appellant.*

(33 P. 2d 127.)

Opinion filed June 9, 1934.

*Ralph R. Rader* and *C. B. Crawley,* both of Howard, for the appellant.

*A. H. Lakin,* of Emporia, and *Clifford Sullivan,* of Howard, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to foreclose a mortgage on land which the mortgagor had leased for operation for and production of oil. The controversy relates to the royalty which the owner reserved in the lease.

John A. McCluskey owned the land, and in 1920 leased it to H. E. West for the purpose of operating for and producing oil. The lease provided that the lessee should deliver to the credit of the lessor in pipe line one-eighth of the oil produced and saved. Oil was produced and is still produced in paying quantity. In 1924 McCluskey mortgaged the land to the Warren Mortgage Company, which assigned to Elizabeth Hardcastle. The mortgage was in the usual form, granting as security for the debt the land, to have and to hold with the tenements, hereditaments and appurtenances, with covenants of title, seisin, and warranty. McCluskey defaulted, and in 1932 Hardcastle commenced an action to foreclose. West was not made a party. In 1933 McCluskey assigned to his daughter, Mabel, his oil royalty, accrued and to accrue. Mabel intervened in the foreclosure action, and sought to quiet title to royalty from date of the assignment to the end of the lease. The court gave

her the royalty until sale of the land is made, and confirmed, subject to right of redemption, which Hardcastle concedes means until execution of sheriff's deed on failure to redeem.

The judgment was correct. The land was mortgaged. Oil in place is part of the land, and was mortgaged precisely as soil and other physical constituents of the land were mortgaged. When the land is sold at effective sheriff's sale, the sale will carry all mineral in place, the same as soil and other physical constituents of the land. West, the lessee, may still operate for oil, and, if successful, will have his share of oil produced. The landowner's share will go to the landowner.

The assignee contends that when the oil lease, which is not a lease, was granted, there was no mortgage on the land, which is true. The assignee further contends the owner was free to dispose of his oil rights as he saw fit, and did so, which is only partially true. He granted to West privilege to explore and produce, and to keep seven-eighths of the production. The other one-eighth of the oil brought to the surface was not disposed of, but was reserved to the grantor.

The assignee contends the oil royalty was not mortgaged, which is true, but no part of the land was reserved to the mortgagor in the mortgage, and when his interest in the land terminates, his interest in that part which may be raised to the surface by the oil operator terminates. Of necessity, the interest of the assignee terminates when the interest of the assignor terminates.

It is the grantee in the so-called lease who has the *profit a prendre,* but considering the oil royalty as of the same character as ordinary "rents and profits," the judgment is in exact accord with 41 C. J. 627, ¶ 604, cited by the assignee.

The judgment of the district court is affirmed.