No. 44,795

Oscar L. McIver, *Appellee*, v. State Highway Commission of
Kansas, *Appellant*.

(426 P. 2d 118)

Opinion filed April 8, 1967.

*John A. McKinnon*, Assistant Attorney, argued the cause, and *John H. Morse*, Chief Attorney and *John J. Mendive*, Assistant Attorney, all attorneys for the State Highway Commission, were with him on the briefs for the appellant.

*George E. McCullough*, of Topeka, argued the cause, and *W. L. Parker, Jr., Robert B. Wareheim, Reginald LaBunker* and *James L. Rose*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This appeal stems from a claim for workmen's compensation benefits as the result of an aggravated heart condition.

The claimant, 65 years of age, was a maintenance employee of the respondent, the State Highway Commission of Kansas. He was engaged in his employment at the time of the alleged heart injury and both parties were governed by the Workmen's Compensation Act.

The claimant had noticed chest pains and shortness of breath for about a month prior to his alleged injury on June 22, 1964. On the morning of this day he reported for work which, at this season, consisted of mowing the right of way. As he picked up his tools

consisting of a hammer, grease gun and miscellaneous wrenches he felt a severe pain in his chest. He rested for a short time and then got on his tractor and started mowing. The tractor which he was driving was difficult to operate. It tended to jerk the arms and shoulders. After he ate his lunch and rested for a time the pain became more severe. He attempted to call a doctor in the afternoon but could not reach him. He worked until five o'clock, went home, took a bath and ate his evening meal. He then called Dr. Brewer of Ulysses, Kansas, and was driven to the Memorial Hospital of that city for hospitalization.

Claimant was permitted to return to work for thirteen days, finishing on December 1, 1964, in order to get the necessary time for retirement benefits.

On December 15, 1964, he filed his claim for compensation. The special examiner found that claimant had not sustained the burden of proving that "personal injury by accident" occurred on June 22, 1964, and further that the evidence did not support the view that the heart injury arose out of the employment. The Workmen's Compensation Director sustained the findings of the special examiner denying compensation and claimant appealed to the district court. The reviewing court concluded:

"In addition to the stipulations of the parties, this Court finds that the claimant has sustained the burden of proving personal injury by accident on June 22, 1964. Claimant's exertion aggravated the pre-existing condition that necessitated his hospitalization. He is totally disabled for the type of work he was performing prior to June 22, 1964, and any type of work requiring considerable physical exertion. . . ."

Compensation was awarded in accordance with the conclusions and the respondent has appealed to this court.

We may reduce the issues by making a single statement of appellant's contentions—the district court erred in awarding workmen's compensation since there was no competent evidence that claimant suffered an injury by accident while in the course of his employment.

We must look to the medical testimony for the nature of claimant's injury and the effect of his labors upon his heart ailment.

Dr. Collins, an internal medicine practitioner including coronary heart conditions, testified as to claimant's condition:

"A. I felt he had a badly damaged heart with very little cardiac reserve.

"Q. In your history did you find whether he had pre-existing condition?

"A. Yes, sir.

"Q. Did you have an opinion whether or not or what was his pre-existing condition?

"A. I felt he was probably an early heart failure for some time.

"Q. Do you have an opinion as to whether climbing upon the tractor and working this mowing machine had any effect on this pre-existing condition? This is June 22, of '64.

"A. Yes, I think it certainly was an aggravation of the pre-existing condition.

"Q. Do you have an opinion as to what this aggravation of the pre-existing condition resulted in?

"A. On the basis of the history at that time he apparently had an acute decompensation.

"Q. Do you have an opinion as to whether this working aggravation resulted in the need for hospitalization that he had?

"A. Yes, sir, I think it did.

"Q. Do you have an opinion as to whether as a result of this aggravation of climbing on the mowing machine, running the mowing machine, this man will ever be able to return to this type of work?

. . . . . . . . . . . . . .

"A. Yes, I don't feel he would be able to do this type of thing again.

"Q. Do you have an opinion as to whether this man is in need of further medical treatment and if so, for how long?

"A. Yes, sir, for life."

This testimony is ample to support the district court's finding that "claimant's exertion [while employed] aggravated the pre-existing condition that necessitated his hospitalization."

The respondent calls our attention to the fact Dr. Collins' testimony was disputed. True, it was. Dr. Brewer, a general medical practitioner at Ulysses, Kansas, testified that in his opinion the claimant's work had nothing to do with his condition and did not aggravate his pre-existing heart ailment.

However, we cannot concern ourselves with the weight of the evidence or with conflicting testimony in reviewing a workmen's compensation case. Our consideration of the evidence is limited to the determination, as a matter of law, whether there is any substantial evidence to support the findings of the trial court. We stated in the recent case of *Lees, Administrator v. White*, 197 Kan. 118, 112, 415 P. 2d 272:

". . . The function of this court in reviewing workmen's compensation cases has been stated and restated many times. In the recent case of *Jones v. City of Dodge City*, 194 Kan. 777, 402 P. 2d 108, it was said:

"'Under K. S. A. 44-556, the appellate jurisdiction of this court in workmen's compensation cases is limited to reviewing questions of law only. Whether the district court's judgment in a compensation case is supported by substantial competent evidence is a question of law as distinguished from

a question of fact. (Citations.) In reviewing the record to determine whether it contains substantial evidence to support the district court's factual findings, this court is required to review all of the evidence in the light most favorable to the prevailing party below. Where the findings of fact made by the district court are based on substantial evidence, they are conclusive, and we have no power to weigh the evidence and revise those findings or reverse the final order of the court. Although this court may feel the weight of the evidence, as a whole, is against the findings of fact so made, it may not disturb those findings if they are supported by sustantial competent evidence. (Citations . . .)' (l. c. 778.)"

The medical evidence was ample to establish the fact that claimant's pre-existing heart condition was aggravated by the stress of performing his ordinary labor to such an extent that he required hospitalization.

The troublesome question remains—does the severe aggravation of a pre-existing heart condition under the stress of ordinary labor resulting in disability constitute a "personal injury by accident arising out of and in the course of employment" as that term is used in K. S. A. 44-501?

The respondent contends the evidence in this case did not even substantially prove that an accident befell the claimant because he was performing only the work which he normally performed.

We come to the simple question—what is an accident where a heart condition is involved?

As early as *Gilliland v. Cement Co.*, 104 Kan. 771, 180 Pac. 793, this court, in dealing with a workmen's compensation case involving a pulmonary hemorrhage, approved the following definition of an accident:

" 'The word "accident" is not a technical legal term with a clearly defined meaning. Speaking generally, but with reference to legal liabilities, an accident means any unintended and unexpected occurrence which produces hurt or loss. But it is often used to denote any unintended and unexpected loss or hurt from its cause; and if the cause is not known the loss or hurt itself would certainly be called an accident.' (p. 453.)" (p. 775.)

The following language in the *Gilliland* case was also approved:

". . . I do not think we should attach any importance to the fact that there was no strain or exertion out of the ordinary. It is found by the county court judge that the strain in fact caused the rupture, meaning, no doubt, that if it had not been for the strain the rupture would not have occurred when it did. . . . An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, whatever the degree of exertion or the condition of health. . . ." (p. 776.)

In *Workman v. Johnson Bros. Construction Co.*, 164 Kan. 478, 190

P. 2d 863, we approved what was said in the *Gilliland* case and added:

"We have ever since consistently followed the theory there expounded. (See *Stringer v. Mining Co.*, 114 Kan. 716, 220 Pac. 168; *Gilliland v. Zinc Co.*, 112 Kan. 39, 209 Pac. 658; *Riggs v. Ash Grove L. & P. Co.*, 127 Kan. 91, 272 Pac. 153; *Shapland v. Ferguson Furniture Co.*, 139 Kan. 758, 33 P. 2d 145; and *Harmon v. Larrabee Flour Mills Co.*, 134 Kan. 143, 4 P. 2d 406.)" (p. 480.)

In *Kauffman v. Co-operative Refinery Assn.*, 170 Kan. 325, 225 P. 2d 129, in considering the aggravation of an existing disease, it was *held:*

"The workmen's compensation act prescribes no standard of health or physical perfection for a workman.

"Accidental injuries are compensable where the accident only serves to aggravate or accelerate an existing disease, or intensifies the affliction.

"The elements of the term 'accident,' as well as other provisions of the compensation act, must not be construed in a strict and technical sense but liberally with a view of effectuating the true intent and purpose of the act." (Syl. 3, 4, and 5.)

In *Pinkston v. Rice Motor Co.*, 180 Kan. 295, 300, 303 P. 2d 197, the court had under consideration an acute coronary occlusion and stated:

"It is clear from the record that Pinkston sustained personal injury within the meaning of the statute under consideration. This court has previously held that coronary occlusion, coronary thrombosis, cerebral hemorrhage, thrombosis or hemorrhage, or heart failure—acute, which resulted in death or disability to a workman, was personal injury by accident when it arose out of and was received in the course of the employment (*Riggs v. Ash Grove Lime & Portland Cement Co.*, 131 Kan. 244, 289 P. 2d 410; *Carney v. Hellar*, supra; *Peterson v. Safeway Stores*, supra; *Burk v. American Dist. Tel. Co.*, 160 Kan. 519, 163 P. 2d 402; *Workman v. Johnson Bros. Construction Co.*, supra; *Earhart v. Wible Ice & Cold Storage Co.*, 150 Kan. 695, 95 P. 2d 366; *Hill v. Etchen Moort Co.*, supra). It is likewise clear that all the characteristics of an accident were present: The occurrence was sudden, unexpected and undesigned by Pinkston, and was of an afflictive and unfortunate character. . . ."

(See, also, *Alpers v. George-Nielsen Motor Co.*, 182 Kan. 790, 324 P. 2d 177.)

In *Bohanan v Schlozman Ford, Inc.*, 188 Kan. 795, 366 P. 2d 28, the court had under consideration a myocardial infarction causing death and stated:

"If a workman's existing physical structure, whatever it may be, gives

way under the stress of his usual labor, his death is an accident which arises out of his employment. In *Gilliland v. Cement Co.*, supra, it was stated, 'An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, whatever the degree of exertion or the condition of health . . . . . . .' " (p. 798. See, also, *Pence v. Centex Construction Co.*, 189 Kan. 718, 371 P. 2d 100; *Geurian v. Kansas City Power & Light Co.*, 192 Kan. 589, 389 P. 2d 782.)

In the most recent case, *Mein v. Meade County*, 197 Kan. 810, 421 P. 2d 177, we dealt with a pre-existing heart condition and stated:

"In a long line of decisions, this court has held that an injury to, or death of, a workman is compensable under the Workmen's Compensation Act where the physical structure of a workman, whatever it may be, gives way under the strain or stress of his usual and customary labor. . . ." (p. 813.)

We have reviewed our decisions in some detail because of respondent's suggestion that the interpretation which this court has placed upon the Workmen's Compensation Act—considering aggravation of heart ailments as accidental injuries—is keeping persons with heart ailments out of employment due to the risk involved.

We first announced the rule in 1919. It would seem that a judicial construction that has been placed upon its language for 48 years must be deemed to have received the sanction and approval of the legislature. The failure of the legislature to disapprove the interpretation amounts to a ratification by it. The interpretation of this court is now as much a part of the legislative act as if embodied in it. Any change to be made in the act affecting policy should be made by the legislature. In *Lees, Administrator v. White*, supra, we stated:

"It is, of course, axiomatic that courts do not write legislation; that is the function of the legislature. However, when the court has construed a statute, its construction is as much a part of the law as if embodied in the statute in plain and unmistakable language. When that situation exists, it is the province of the legislature alone to change the law as it deems advisable; the court should not attempt to do so. (*State v. One Bally Coney Island No. 21011 Gaming Table*, supra [174 Kan. 757, 258 P. 2d 225.])" (p. 124.)

We are forced to conclude that the evidence was sufficent to support the trial court's finding that claimant's exertion of ordinary labor aggravated the pre-existing heart condition necessitating his hospitalization, resulting in a personal injury by accident arising

out of and in the course of employment as that term is used in the Workmen's Compensation Act. (K. S. A. 44-501.)

The judgment is affirmed.

APPROVED BY THE COURT.

PRICE, C. J., dissents.

FATZER, J., concurring: I join in an affirmance of the judgment that the claimant sustained personal injury by accident arising out of and in the course of his employment. I feel compelled to say, however, in my opinion, the findings of the district court disclosing the tractor the claimant was driving, "was one that was hard to steer because of counterbalance weights on the front wheels," was a finding the exertion of that work was more than ordinarily required in the performance of the claimant's regular employment.