### SHAW v. PACKARD MOTOR CAR CO.

Master and Servant—Workmen's Compensation Act—Accidental Death—Evidence—Inferences.

> On certiorari to review an award by the industrial accident board, testimony from which a reasonable inference might be drawn that the death of plaintiff's husband was the result of either a fall or jump from the top of a car to which he had gone in response to orders from his superior, together with the testimony of two physicians that in their opinion deceased died from acute dilatation of the heart, which was usually produced by a fall, over-exertion, or by jumping, *held*, to justify a finding of the board that the death of deceased was due to an accident while in defendant's employ.

Certiorari to Industrial Accident Board. Submitted June 22, 1921. (Docket No. 24.) Decided July 19, 1921.

On conclusiveness of findings as to what constitutes an accident or personal injury within the meaning of workmen's compensation acts see note in L. R. A. 1918F, 877.

On the right and extent or review of findings of industrial accident board, see note in L. R. A. 1917D, 186.

Mildred Shaw and others presented their claim for compensation against the Packard Motor Car Company for the accidental death of their decedent in defendant's employ.   From an order awarding compensation, defendant brings certiorari.   Affirmed.

*Henry E. Bodman,* for appellant.

*Barbour, Field & Martin (Henry C. L. Forler,* of counsel), for appellees.

BIRD, J.   Nelson B. Shaw was an employee of defendant in its automobile factory.   He died very suddenly while in the service, and it is the claim of plaintiffs, who are his wife and children, that his death was due to an accident which he met while engaged in defendant's service.   A death award was denied by the arbitration committee, but this conclusion was reversed by the industrial accident board and a death award granted.   The defendant insists that there is no evidence to support the award.   The only question involved is whether there was any proof of an accident.

The hearing disclosed that on February 28, 1920, Mr. Shaw was engaged with several other employees in loading Packard trucks onto a gondola car.   When the work was about finished Mr. Shaw's superior ordered him to get the keys and place them with the trucks.   Soon after this Shaw was seen up on the car carrying out this order.   About 10 minutes later Mr. Shaw was seen lying in a half reclining position leaning on one arm at the foot of the ladder leading up to the top of the car.   His superior assisted him to his feet and as he did so Mr. Shaw exclaimed: "Gee! I have hurt me," or "Gee! It hurt me."   He rested for a short time and then walked to his home. A physician, Dr. Gibson, was called and found him in considerable pain and in a condition of shock.   He

administered to him, and a short time thereafter Mr. Shaw died. There was a variance in the opinions of the physicians as to the cause of death. The death certificate stated the cause of death to be acute indigestion.

It appeared to be the view of the industrial accident board that Shaw either jumped or fell from the car and the shock occasioned thereby caused acute dilatation of the heart. In support of this view the board had before them the following facts, which appear in the testimony:

(*a*) That the deceased was a man, 51 years of age, in good health, with no known tendency to heart troubles. That he had been working in the usual way on the day in question.

(*b*) That he was ordered by his superior to place the keys in the trucks which they had just finished loading. He obeyed this order and went up on to the car.

(*c*) A short time afterwards he was found on the ground in a half reclining position resting on one arm near the foot of the ladder running up on the side of the car. When he was assisted to his feet he exclaimed: "Gee! I have hurt me," or "Gee! it hurt me." Also complained of pain in his chest.

(*d*) He walked to his home and was soon visited by a doctor, who testified he found him suffering much pain and in a condition of shock, and gave it as his opinion that the shock proceeded from an injury.

(*e*) Two physicians, Drs. Gibson and DeWitt, gave it as their opinion that he died from acute dilatation of the heart and that this could be, and was usually, produced by a fall or over-exertion, or by jumping.

With testimony of these specific facts, together with the general situation, before it, we are not of the opinion that we should say, as a matter of law, that there is no testimony to support the award. If it be known that a person is on an elevated object and soon after he is found lying on the ground at the foot of the ladder which leads to the elevation, in a

half reclining position, complaining of being hurt, it would not be an unnatural inference that in his attempt to return he had fallen to the ground. This was the conclusion reached in *Meyers* v. *Railroad Co.,* 199 Mich. 134. In that case the fireman had on his working clothes and was working about his engine while in the round house. He had appeared to those who saw him last as being well and all right. Some time later he was found dead at the side of his engine. The position of his body indicated that he might have fallen from his engine. From these facts an inference was drawn that while working about his engine he fell and the fall produced concussion of the brain. Neither in that case nor in the present one was it known positively what caused the injury, but the facts were such as to support an inference that they had fallen. We are not drawing conclusions from the facts. We are determining whether the testimony is open to the conclusions which the board drew. The board had the testimony before it. We think the testimony was susceptible of the inferences which they drew from it. This is final and we have no right to interfere with it.

The award is affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.