HELDER *v.* LUCE FURNITURE CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCIDENT-
AL DEATH.

> Testimony to the effect that an employee, a strong able-
> bodied man, was called upon to help install new line
> shafting, that he lifted a heavy metal hanger up onto the
> scaffold six feet above the floor and then went upon the
> scaffold and held the hanger up over his head against
> the ceiling while a carpenter bored holes therein and put
> in lag bolts, that he returned to the floor, lifted a second
> hanger up onto the scaffold, returned to the scaffold for
> the purpose of holding it up to the ceiling, when he sud-
> denly gave way, vomited blood profusely, went to his home
> and died in about two hours, that in the opinion of the
> doctor he died of acute dilatation of the heart caused by
> over-exertion, *held*, to justify a finding by the department
> of labor and industry that his death was accidental within
> the meaning of the workmen's compensation act.

Certiorari to Department of Labor and Industry.
Submitted January 27, 1922.    (Docket No. 61.)    De-
cided March 30, 1922.

Fannie Helder presented her claim for compensa-
tion against the Luce Furniture Company for the ac-
cidental death of her husband in defendant's employ.
From an order awarding compensation, defendant
and the Furniture Mutual Insurance Company, in-
surer, bring certiorari.    Affirmed.

*Francis D. Campau,* for appellants.

*Joseph R. Gillard,* for appellee.

MOORE, J.    This is certiorari to the department of
labor and industry to review an award of $14 a week
for 300 weeks.    The claim of appellants is that there

On the question as what is an accident and personal injury
within the meaning of workmen's compensation acts, in general,
see notes in L. R. A. 1916A, 29, 227; L. R. A. 1917D, 103; L.
R. A. 1918F, 867.

is no evidence that an actual accident in the sense of a fortuitous, unforeseen mishap occurred, counsel citing *Bayne* v. *Riverside Storage Co.,* 181 Mich. 378; *Redfield* v. *Insurance Co.,* 183 Mich. 633; *LaVeck* v. *Parke, Davis & Co.,* 190 Mich. 604, and *Guthrie* v. *Detroit Shipbuilding Co.,* 200 Mich. 355. It will appear later that these cases do not sustain the contention of counsel when applied to the record in this case.

There is testimony to the effect that Dirk Helder was nearly 46 years old at the time of this accident. He was big, strong and apparently an able-bodied man. He hardly ever missed a day at the factory. He worked for Luce Furniture Company nearly 20 years as an operator of a mitre saw in the cabinet room. It was not heavy work. On January 31, 1920, Mr. Helder was called upon to help install 3 pieces of new line shafting requiring metal hangers each 20 inches long and weighing 60 to 75 pounds to suspend the shafting from the ceiling of the factory. On Saturday morning, January 31, 1920, the old hangers and shafts were taken down and scaffolds were constructed and placed 6 to 9 feet from the floor; the top planks were 2 feet wide and about 6 feet from the ceiling. Mr. Helder worked until noon on Saturday and took his Saturday half holiday. Monday, February 2, 1920, Mr. Helder returned to work and lifted the first hanger from the floor up over his head 6 feet to the scaffold. He then went up on the scaffold and held this heavy hanger up over his head against the ceiling while the carpenter bored the holes in the ceiling and put in the lag bolts. He returned to the floor and for the second time lifted one of these heavy hangers over his head and up on to the scaffold. He then went up on the scaffold presumably to hold this second hanger up to be bolted as before when he suddenly gave way and hurried back down from the

scaffold and was rushed to the men's room where he vomited blood profusely. This happened about 8:30 a. m. When Mr. Helder came from the men's room he was exhausted and said to his straw boss: "Golly, Ed, I have got to go home. I threw pretty near the guts out of me, and I think there must be something wrong with my stomach." He was too weak to punch the time clock as he passed by it and the timekeeper later marked his leaving time on the card at 8:30 o'clock.

Mr. Helder went to his home, ordinarily a walk of 7 to 10 minutes. He could not speak. Later he indicated to his wife that he was hurt internally. The wife left him in a chair and ran to call the family doctor. When she returned Mr. Helder was on the bed. When Dr. Barth came he saw Mr. Helder was dying. He gave him a hypodermic and before he could give him a second one he passed away at about 10:30 a. m. The doctor testified Mr. Helder died of acute dilatation of the heart which was, in his opinion, caused by over-exertion.

We think the award was justified by the repeated rulings of this court. Some of the cases are *Rayner* v. *Sligh Furniture Co.*, 180 Mich. 168 (L. R. A. 1916A, 22, Ann. Cas. 1916A, 386); *Bayne* v. *Riverside Storage Co.*, 181 Mich. 378; *Redfield* v. *Insurance Co.*, 183 Mich. 633; *La Veck* v. *Parke, Davis & Co.*, 190 Mich. 604 (L. R. A. 1916D, 1277); *Ramlow* v. *Moon Lake Ice Co.*, 192 Mich. 505 (L. R. A. 1916F, 955); *Schroetke* v. *Jackson-Church Co.*, 193 Mich. 616 (L. R. A. 1917D, 64); *St. Clair* v. *Meyer Music House*, 211 Mich. 285; *Shaw* v. *Packard Motor Car Co.*, 214 Mich. 660.

The award is affirmed, with costs to the appellee.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.