HOLDEN v. GIFFORD LUMBER CO.

1. MASTER AND SERVANT — AWARD OF DEPARTMENT MAY BE SET ASIDE ONLY WHEN NOT SUPPORTED BY TESTIMONY.

On certiorari to review an award under the workmen's compensation act, the Supreme Court may set it aside only in the event there is no testimony to support it, and the facts most favorable to plaintiffs, together with the legitimate inferences therefrom, must be accepted.[1]

2. SAME—WIFE ONLY TEMPORARILY SEPARATED FROM HUSBAND IS PRESUMPTIVELY DEPENDENT.

Where a husband and wife were temporarily separated, but there was no estrangement between them, and, at the time of his accidental death, he was working overtime to establish a home for his wife and child, the conclusion of the department of labor and industry that they were not thereby deprived of the conclusive presumption of the workmen's compensation act that they were dependents, was justified.[2]

Certiorari to Department of Labor and Industry. Submitted June 11, 1925. (Docket No. 20.) Decided July 16, 1925.

Margaret L. Holden and another presented their claim for compensation against the Gifford Lumber Company for the accidental death of their decedent in defendant's employ. From an order awarding compensation, defendant and the Lumbermen's Mutual Casualty Company, insurer, bring certiorari. Affirmed.

*Alexander & Ruttle,* for appellants.

*Beaumont, Smith & Harris* (*Albert E. Meder,* of counsel), for appellees.

[1]Workmen's Compensation Acts, C. J. § 127; [2]Id., C. J. §§ 50, 114. As to when husband and wife are living together within meaning of workmen's compensation act, see note in L. R. A. 1916A, 370.

On the question of dependency of wife living apart from husband within meaning of workmen's compensation act, see note in 13 A. L. R. 710.

FELLOWS, J.   If we were the triers of the facts, we might be persuaded by the marshaling of the facts and circumstances which we find in the brief of defendants' counsel.   But we may set aside the award only in the event there is no testimony to support it.   The facts most favorable to plaintiffs together with the legitimate inferences must be accepted by us.   Having this rule in mind, we will state the case. Plaintiff Margaret L. Holden was married to Sidney L. Holden in Montreal on December 19, 1918.   Plaintiff Queenie Holden is their daughter, aged about five years at the time of the hearing.   Some time after their marriage they purchased a home in Montreal on contract.   Mr. Holden was then working for the Grand Trunk railroad at $90 a month.   They fell behind in their payments on their home and in April, 1923, they came to Detroit.   The record does not show that they brought their furniture and the inference is quite strong that they came with a view of earning more money so they could pay for their home in Montreal or one here.   They both secured employment and lived at the home of Mrs. Holden's brother.   Some of Mrs. Holden's earnings were used to pay on the home in Montreal.   The record does not disclose any quarrels between the Holdens but it does disclose that Mr. Holden possessed considerable temper and made himself objectionable to the wife of plaintiff's brother who was of a nervous temperament. This continued until Mrs. Holden's brother requested her to ask her husband to leave; this she did, and he secured a room at the home of one Johnson across the street.   It was not large enough to accommodate Mr. Holden and his wife and child, and besides the little one had to be cared for while she was at work.   She and the little girl remained at her brother's.   This incident occurred in August.   When Mr. Holden left he gave his wife $50 and thereafter made contributions to both plaintiffs' support.   True they were small but there is testimony that he was not regularly em-

ployed and his health was not the best.    On direct-examination plaintiff testifies that she saw her husband frequently but this was modified on cross-examination. The record contains a most affectionate note from him to his wife and a few days before his death he wrote his mother that he had gone back to work for defendant lumber company and intended to work overtime in order to get a home for his wife and child.    He did work overtime.

On July 9, 1924, Mr. Holden received an accidental injury while in the employ of defendant lumber company from which he died the following day.    Mrs. Holden was notified of the accident and promptly went to her husband.    It is conceded that the accident arose out of and in the course of decedent's employment. The defense is that the parties were living apart, were not living together within the meaning of the compensation act.    Numerous cases are cited.    They have been examined together with a number of others, but in the final analysis the case falls either within the holding in *Finn* v. *Railway*, 190 Mich. 112 (L. R. A. 1916C, 1142), as contended by defendants, or the holding in *King* v. *Cement Co.*, 216 Mich. 335, as contended by plaintiffs.    We are persuaded that the *King Case* controls.    In the *Finn Case* there had been differences between the parties growing out of religious views and other matters; they had drifted apart in their views and the wife had gone to another State and resumed her former vocation of teacher.    The opinion clearly shows not only what kind of a case was before the court but also what was *not* before the court.    Mr. Justice STEERE, speaking for the court, there said:

"Her evidence as to the nature and occasion of leaving her husband and living apart discloses something more than a mere suspension of the family relations, for an understood period of time, incidental to journeys for business or pleasure, changing the

family place of residence, delays in preparing a new home, financial embarrassment, sickness, or like common causes which often result in the members of a family temporarily living apart without estrangement."

From the statement of the facts in the instant case, it will be noted that many controlling features were absent in the *Finn Case* which are present in the one now before us. The commissioners upon this record were justified in concluding that there had been no estrangement between the parties, either temporary or permanent. The trouble was between decedent and plaintiff's relatives. She was at work and some one had to care for the child while she was absent. Naturally her immediate relatives were proper ones to bestow such care. Until decedent learned to control his temper, they would not have him in their home. Defendants' counsel make much of plaintiff's statement that she thought her husband needed a lesson but the attitude of her relatives precluded him from living at their home unless he mended his ways and learned to curb the temper he displayed toward them. In letters to his mother he said he did not blame his wife for the situation. The proof discloses the financial embarrassment of decedent, that he was not in good health; they were in a strange city, away from the home they had partially paid for, and at the time of the accident he was working overtime to get a home for his wife and child. Upon the whole record the commissioners were justified in concluding that the separation was but a temporary one under such circumstances and did not deprive the plaintiffs of the conclusive presumption of the statute. Plaintiffs' case is stronger than was plaintiff's case in the *King Case*, and it bears much more of merit.

The award will be affirmed.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.