COSENDAI *v.* PIGGOTT BROTHERS.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FINDING OF DEPARTMENT ON QUESTION OF FACT FINAL.

In proceedings under the workmen's compensation act for the death of plaintiff's husband from appendicitis claimed to have been caused by a strain in lifting a stove in the course of his employment, if there was a question of fact in the case, the finding of the department of labor and industry against plaintiff is final.[1]

Certiorari to Department of Labor and Industry. Submitted June 16, 1925.   (Docket No. 78.)   Decided July 16, 1925.

Margaret Cosendai presented her claim for compensation against Piggott Brothers and the Standard Accident Insurance Company, insurer, for the accidental death of her husband in defendant's employ. From an order denying compensation, plaintiff brings certiorari.   Affirmed.

---

[1]Workmen's Compensation Acts, C. J. § 127.

*Otto & Holland,* for appellant.

*Lightner, Oxtoby, Hanley & Crawford* (*Ezra W. Lockwood,* of counsel), for appellees.

BIRD, J.     Edwin F. Cosendai, plaintiff's husband, was employed by Piggott Brothers in their store in Bay City.     In getting ready to make a display of their goods, it is the claim of plaintiff that her husband was called upon to assist, that he was called upon to assist in moving a stove, and while doing so he was suddenly seized with a severe pain in his abdomen.     He grabbed his stomach and said "My God, I am sick."     He went and sat down, but later went to his home.     The next morning he returned to his work, but remained only a short time.     An operation for appendicitis followed and drainage tubes were inserted.     Later another operation was had.     A few days after the last operation he died.

The claim is that the appendicitis was caused by the strain in lifting the stove.     It was established by medical testimony that appendicitis could be caused by a strain; but the doctors who performed the operation did not say that in this case appendicitis was probably caused by the strain.     Dr. Kerr gave no material testimony on this question.     Dr. Clark testified, as follows:

"*The Commissioner:* Why do you think this condition is produced by a strain?
"*A.* I did not state so, your honor.
"*The Commissioner:* You said it was your opinion.
"*A.* I do not think so.     I said it could be done. That is a condition that sometimes causes it, whether this was the thing I don't know.
"*The Commissioner:* I misunderstood you.
"*A.* That is one of the causes, but whether or not that was the cause of this I do not know.     I would not say.     It can be done."

Perhaps there was a question of fact in the case.

231—Mich.—35.

If so, the board considered the case and resolved the question of fact against plaintiff.    If the case turns upon a question of fact the finding of the board is final with this court.    We think there is no occasion to disturb the conclusion of the board.    Defendants will recover costs.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.