PIGGOTT *v.* ROSS & WENTWORTH.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—CAUSE OF DEATH—EVIDENCE—SUFFICIENCY.

> An award under the workmen's compensation act for the accidental death of an employee, which was based upon the testimony of medical experts that death was caused by a strain thrown on the heart in pulling on a pry to move a heavy fly wheel, was justified, and therefore may not be disturbed by the Supreme Court, although there was credible testimony that the cause of death was uncertain.[1]

Certiorari to Department of Labor and Industry. Submitted April 7, 1926.   (Docket No. 31.)   Decided June 7, 1926.

Martha Piggott presented her claim for compensation against Ross & Wentworth for the accidental death of her husband in defendant's employ.   From an order awarding compensation, defendant and the Michigan Mutual Liability Company, insurer, bring certiorari.   Affirmed.

[1]Workmen's Compensation Acts, C. J. §§ 114, 127.

Necessity and sufficiency of evidence that heart disease suffered by applicant for compensation is attributable to employment, see note in 20 A. L. R. 36.

Application of workmen's compensation statute to death from strain or over exertion, see note in 19 A. L. R. 113.

*L. J. Carey,* for appellants.

*Oscar W. Baker,* for appellee.

SNOW, J.   Martha Piggott was granted, by order of the department of labor and industry, compensation for the death of her husband, John Piggott, who was in the employ of the defendant Ross & Wentworth; the department holding that the deceased sustained an accidental injury arising out of and in the course of his employment, and that such accident was the proximate cause of his death.   Defendants contend that the deceased did not sustain an accidental injury, and that the occurrence, which is claimed to be such, was not the proximate cause of the death.   Such facts as are necessary for an understanding and determination of the issue thus presented follow:

The decedent had been in the employ of Ross & Wentworth for about 20 years, and had always been considered by those who knew him as one enjoying good health.   It was the custom of the defendant to clean, oil, and have repairs made to machinery on Sundays, requiring certain of the older employees to do the work.   On Sunday, October 12, 1924, a gear on the engine being broken necessitated the moving of the shaft of a large, heavy fly wheel, 9 feet in diameter, 24 inches across its face, and weighing about 6,000 pounds.   Decedent and another were ordered by defendant's foreman to move the fly wheel off the center.   To do this it was necessary to insert a pry in the wheel, and the men had to reach about a foot above their heads, put both hands around the pry, and "pull down quick and hard," using all their strength. This they did, and, about four or five minutes thereafter, the decedent exclaimed something was the matter with him, and fell over dead.

No question is made but that if decedent suffered

an injury in moving this heavy wheel, that it was in the course of and arose out of his employment, but it is urged by the defendants that decedent sustained no injury, and that his death was due to heart trouble and other complications. The medical experts who gave testimony were to some extent uncertain as to the cause of death. However, competent and credible testimony was given to sustain both sides of the question. But that there was positive testimony, most worthy of belief, that the strain in pulling on the pry was thrown on the heart, thus causing death, clearly appears, and may not be denied.

Dr. O. W. Lohr, a pathologist, head of the Central Laboratories at Saginaw, who examined decedent's organs microscopically testified:

"*Q.* If I understand you right, your opinion is based on the probability of the injury with the possible result of the strain on the heart as of Sunday on which he died?

"*A.* Yes. I think it was the strain thrown on the heart."

A fair question of fact was raised by the testimony of the medical experts, which was resolved by the commissioners in favor of the plaintiff. The finding is clearly supported by the evidence, and this court can not disturb it. *Waite* v. *Fisher Body Corp.,* 225 Mich. 161; *Holden* v. *Gifford Lumber Co.,* 231 Mich. 532; *Riley* v. *Mason Motor Co.,* 199 Mich. 236; *Cosendai* v. *Piggott Bros.,* 231 Mich. 544.

Liability in similar cases has been frequently recognized. *Schroetke* v. *Jackson-Church Co.,* 193 Mich. 616 (L. R. A. 1917D, 64); *Shaw* v. *Packard Motor Car Co.,* 214 Mich. 660; *La Veck* v. *Parke, Davis & Co.,* 190 Mich. 604 (L. R. A. 1916D, 1277); *Lindsteadt* v. *Louis Sands Salt & Lumber Co.,* 190 Mich. 451; *Helder* v. *Luce Furniture Co.,* 217 Mich. 496; *St. Clair*

*v. Meyer Music House*, 211 Mich. 285, and in many other cases.

The award of the department of labor and industry is affirmed, with costs to appellee.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.