PEOPLE v. HARPER.

OPINION OF THE COURT.

1. STATUTES—CONSTITUTIONALITY.

Courts strive to sustain the validity of an act if that may be done without doing actual violence to the language used in it, every intendment favorable to a conclusion sustaining the law being indulged.

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—POLICE LAWS—CLASSIFICATION.

The equal protection clause admits of the exercise of a wide scope of discretion in the classification of police laws, and avoids what is done only when it is without any reasonable basis and, therefore, purely arbitrary (US Const, Am 14, § 1; Mich Const 1908, art 2, § 1).

3. SAME—EQUAL PROTECTION—MATHEMATICAL NICETY OF CLASSICATION.

A classification in police laws having some reasonable basis does not offend the equal protection clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality (US Const, Am 14, § 1; Mich Const 1908, art 2, § 1.).

4. SAME—PRESUMPTION.

Any state of facts that can reasonably be conceived will be assumed in order to sustain a classification in police laws under the equal protection clause (US Const, Am 14, § 1; Mich Const 1908, art 2, § 1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 144 et seq.
[2] 16 Am Jur 2d, Constitutional Law § 485 et seq.
[3] 16 Am Jur 2d, Constitutional Law § 494 et seq.
[4] 16 Am Jur 2d, Constitutional Law §§ 137, 143.
[5] 16 Am Jur 2d, Constitutional Law § 172.
[6, 7] 17A Am Jur, Drugs and Druggists § 7 et seq.

5. SAME—CLASSIFICATION—BURDEN OF PROOF.

One who assails the classification in a police law has the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.

6. DRUGGISTS — STATUTES — NARCOTICS — CLASSIFICATION — LICENSED SELLERS AND NONLICENSED SELLERS.

Classification between licensed illegal sellers and nonlicensed illegal sellers in State narcotics laws *held*, not an arbitrary classification and not to violate the equal protection clause, because of the controls placed on licensed sellers (US Const, Am 14, § 1; Mich Const 1908, art 2, § 1; CL 1948, §§ 335.54–335.57, 335.66; CLS 1961, §§ 335.152, 335.153).

CONCURRING OPINION.

T. G. KAVANAGH, J.

7. SAME—STATUTES—EQUAL PROTECTION—LICENSES.

*Statutes pertaining to sale and possession of narcotic drugs which do not differentiate between wrongdoers thereunder according to whether they are licensed are not in violation of the equal protection clause of either the Constitution of the United States or of this State (US Const, Am 2, § 1; Mich Const 1908, art 2, § 1; CL 1948, §§ 335.51–335.78; CLS 1961, §§ 335.152, 335.153).*

Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 June 9, 1965, at Detroit. (Docket No. 124.) Decided September 20, 1965. Leave to appeal granted by Supreme Court January 6, 1966. See 377 Mich 695.

Johnny Harper was convicted for illegal possession of narcotics and for illegal sale of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Richard J. Ruhala,* Assistant Prosecuting Attorney, for the people.

*Johnny Harper, in propria persona,* and *John W. Thomas,* for defendant.

QUINN, J. Appellant was tried and convicted in the circuit court of Genesee county in January, 1960, on a two-count information charging him with violation of PA 1952, No 266, §§ 2 and 3 (CLS 1961, §§ 335.152 and 335.153 [Stat Ann 1957 Rev §§ 18.1122 and 18.1123]).[1] He was sentenced to terms of 20–30 years and 8–10 years respectively. Contending his detention is illegal due to unconstitutionality of the statutes under which he was convicted, he asks this Court to issue a writ of habeas corpus.[2] It has been stipulated that the alleged unconstitutionality is the sole issue before this Court.

The gist of appellant's argument to establish unconstitutionality is that because a licensed person who sells narcotics unlawfully is subject to a maximum penalty of 10 years (PA 1952, No 132 [CLS 1961, § 335.70 (Stat Ann 1957 Rev § 18.1090)]), and an unlicensed person who does the same thing is subject to a minimum sentence of 20 years and a maximum of life (section 335.152 *supra*), the latter is denied equal protection of the law as guaranteed by US Const, Am 14 and Const 1908, art 2, § 1.[3] Appellant is not licensed. The precise question for decision is whether the classification "licensed" and "unlicensed" is reasonable. Appellee's contention that *In re Wright* (1960), 360 Mich 455, controls is untenable; it did not deal with this classification problem.

The basic rule, stated in *People* v. *Babcock* (1955), 343 Mich 671, 679 :[4]

---

[1] CLS 1961, § 335.152, prescribes punishment for the sale of narcotics by an unlicensed person. CLS 1961, § 335.153, prescribes punishment for the unlawful possession of narcotics.—REPORTER.

[2] See GCR 1963, 712, as amended effective January 1, 1965, 373 Mich cviii. On September 2, 1964, the Supreme Court ordered that the application for the writ of habeas corpus be treated as an application for leave to appeal and leave to appeal was granted.—REPORTER.

[3] For current provisions see Const 1963, art 1, § 2.—REPORTER.

[4] Quoted in *Babcock* from *Attorney General* v. *Detroit United Railway,* 210 Mich 227, 253.—REPORTER.

" 'In approaching the consideration of a legislative enactment with the purpose of passing upon its constitutionality, courts usually do and always should strive to sustain its validity, if that may be done without doing actual violence to the language used in the act. Every intendment favorable to a conclusion sustaining the law must be indulged in' ",

and the specific rule with respect to standards of classification, as found in *Gauthier* v. *Campbell, Wyant and Cannon Foundry Company* (1960), 360 Mich 510, 514:

" 'The standards of classification are:

" ' "1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." Citing cases.' "

must control the approach to the question presented. The statutes here involved were enacted to control manufacture, possession, and distribution of narcotic drugs. In order to facilitate and regulate the legitimate trade in these products, certain people are licensed. (CL 1948, § 335.54 [Stat Ann 1957 Rev § 18.1074].) By licensing this group, the legislature places severe controls over their contact with nar-

cotics. (CL 1948, §§ 335.55–335.57 [Stat Ann 1957 Rev §§ 18.1075–18.1077].) Every transaction that they make is governed by law and the records that they keep are subject to close scrutiny by the appropriate authorities. (CL 1948, § 335.66 [Stat Ann 1957 Rev § 18.1086].) The licensing act is aimed primarily at safeguarding and regulating legitimate trade of narcotics. The act under which defendant was convicted and sentenced is directed solely at suppressing illegal traffic in narcotics. The purpose of the two acts is entirely different, and it is a reasonable basis for the classifications "licensed" and "unlicensed".

The statutes involved are not unconstitutional. Writ denied.

J. H. GILLIS, P. J., concurred with QUINN, J.

T. G. KAVANAGH, J. (*concurring*). I agree that the statutes here considered do not violate either the State or Federal Constitution, not because they establish reasonable classifications but because they don't classify at all.

CLS 1961, § 335.152 (Stat Ann 1957 Rev § 18.1122), and CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123) are written:

"Sec. 2. Any person not having a license under the provisions of Act No. 343 of the Public Acts of 1937, as amended, being sections 335.51 to 335.78, inclusive, of the Compiled Laws of 1948, who shall sell, manufacture, produce, administer, dispense or prescribe any narcotic drug shall be deemed guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the State prison for a term of not less than 20 years nor more than life.

"Sec. 3. Any person not having a license as required under the provisions of Act No. 343 of the

Public Acts of 1937, as amended, being sections 335-
.51 to 335.78, inclusive, of the Compiled Laws of
1948, who shall possess or have under his or her con-
trol any narcotic drug shall be deemed guilty of a
felony, and upon conviction thereof, for the first
offense shall be punished by imprisonment for not
more than 10 years, and a fine of not more than
$5,000.00. In the discretion of the court the sentence
for any such imprisonment or fine may be suspended,
or the person convicted may be placed on probation
for a term of years within the limits for which a
sentence of imprisonment may be given. Any person
convicted of violating the provisions of this section
who shall previously have been convicted of any vio-
lation of the laws of the United States or of Michi-
gan relating to the possession, sale, manufacture,
production, administering, dispensing or prescribing
of any narcotic drugs shall be punished by imprison-
ment for not more than 20 years and a fine of not
more than $5,000.00. Any person convicted of vio-
lating the provisions of this act who shall previously
have been convicted 2 or more times of violating the
laws of the United States or of Michigan relating to
the possession, sale, manufacture, production, ad-
ministering, dispensing or prescribing of any nar-
cotic drugs shall be punished by imprisonment for
not less than 20 years or more than 40 years and a
fine of not more than $5,000.00.

"The offenses set forth in this section and in sec-
tion 4 shall be deemed to be included within every
offense charged as a violation of section 2 of this
act."

I do not read these sections to differentiate between
wrongdoers according to whether they are "li-
censed".

In my view these sections must be read as though
they were written:

Sec. 2. Any person not having a license under the

provisions of Act No 343 Compiled Laws 1948, So to do, who shall sell, manufacture, et cetera.

Sec. 3. Any person not having a license as required under the provisions of Act No 343 Compiled Laws 1948, So to do, who shall possess or have, et cetera.

Accordingly any person charged under these sections with the sale or possession of narcotics can escape punishment only by establishing his authority under Act No 343 for such sale or possession.

Were I to read these sections as creating a classification between "licensed" and "unlicensed" as the basis for permitting different punishments for the same prohibited act such distinction to my mind would be completely unreasonable and unconstitutional.