No. 24068.

PEOPLE OF THE STATE OF COLORADO *v.* TERRY F. MCKENZIE.
(458 P.2d 232)

Decided September 8, 1969.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, Frank F. Spiecker, District Attorney Twenty-first Judicial District, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

The people are here on writ of error directed to a judgment of acquittal. The defendant in error did not appear in this court. The judgment of acquittal grew out of the trial court's determination that C.R.S. 1963, 48-5-2 is unconstitutional as applied to this defendant.

The defendant, Terry F. McKenzie, was charged with unlawful possession of cannabis (marijuana), a narcotic drug, in violation of Colorado's Narcotic Drugs Act, C.R.S. 1963, 48-5-2. McKenzie waived his right to trial by jury and, with the acquiescence of the district attorney and the consent of the court, the charge was tried to the court without a jury. Following the presentation of evidence, the court found the defendant guilty as charged, although expressing doubts as to the constitutional issues raised by the defendant at the outset. The defendant filed a motion for new trial and judgment of acquittal pursuant to Colo. R. Crim. P. 29 and 33. The basis of defendant's motion, in his own words, was

"* * * that his conviction as a felon under CRS 1963, 48-5-2, as it was applied under the facts of this case violates the 'equal-protection' clause of the Fourteenth Amendment of the United States Constitution and Article V, Section XXV, of the Constitution of the State of Colorado. * * * "

McKenzie's argument in support of his constitutional challenge had two prongs which, succinctly stated, were: (1) that marijuana was, as a matter of fact, improperly classified as a *narcotic* drug, and (2) that he was denied "equal-protection" because of the lesser penalty imposed on a *user* (who must possess) than on one charged as a *possessor*.

His first argument in reference to the improper classification of marijuana is based upon the uncontradicted testimony of Dr. F. E. Brown that marijuana should be classified as a *dangerous* drug, rather than as a *narcotic* drug. Dr. Brown pointed out that, from its pharmacological action on the user, LSD is a more potent drug than marijuana. The *possession* of a "narcotic drug" such as marijuana is a felony, whereas the *possession* of a "dangerous drug" such as LSD and methadrine is a misdemeanor. Colo. Sess. Laws 1968, Ch. 56, § 2(2) (a)(5). In the light of Dr. Brown's testimony, argued the defendant, it is unreasonable and arbitrary to classify and punish his violation as a felony, when, at the same time, one who possesses "a more potent drug" is punished for the violation of a misdemeanor.

Second, defendant maintained that he was denied "equal protection" because he, as a *possessor* of marijuana, was classified and treated as a felon, whereas a *user* is classified and treated as a misdemeanant. The defendant argued that since one who uses marijuana must, of necessity, possess it, there is no rational basis for differentiation in the treatment of the *possessor* and the *user*.

Not only did the defendant not contest the allegation of "possession," but at the trial he took the stand and

testified that he did possess a quantity of marijuana, some of which he used during the evening before his arrest, and that he would have personally used that which had been seized by the arresting officer but for the seizure.

I.

The defendant's first challenge was an attack on the legislative classification of cannabis or marijuana as a *narcotic* drug rather than as a *dangerous* drug. The court adopted defendant's contention. This precise issue was before this court in *People v. Stark*, 157 Colo. 59, 400 P.2d 923. As we view the situation here, *Stark* is controlling.

The court, in *Stark*, held that the inclusion of cannabis in the same category as *addictive* drugs such as coca leaves, opium, and other drugs *more potent* in destructive potential, is not so arbitrary and unreasonable as to deny defendants the equal protection of the law and due process of law.

The contention of the defendant below, based upon Dr. Brown's testimony, is a variation of substantially the same argument presented by the defendants in *Stark*. There, marijuana was placed in the same category as certain addictive drugs, when, so it was claimed, it should not have been, because the other drugs with which it was classified were more detrimental to the user and society than marijuana; here, the argument is not that the classification is wrong because marijuana is of a lesser danger to users and society than the other drugs with which it is grouped, but that some of the other drugs, such as LSD and methadrine, which are more deleterious to the health of the user and of more danger to society than marijuana, are so classified that their possession is a *misdemeanor*, whereas the possession of marijuana is a *felony*.

In approaching this problem, we must recognize that the legislature is free to adopt any classification it deems appropriate to promote the general welfare, so long as the classification bears a reasonable relation to a proper legislative purpose and is neither arbitrary nor

discriminatory and operates equally on all persons within the classification. *People v. Stark, supra; McCarty v. Goldstein,* 151 Colo. 154, 376 P.2d 691; *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369.

██ Courts recognize the presumption which operates in favor of the reasonableness of the legislative classification. If any state of facts can reasonably be conceived that will justify the classification, the existence of these facts will be assumed by the courts in order to uphold the legislation. *Lindsley v. Natural Carbonic Gas Co., supra; People v. Harper,* 1 Mich. App. 480, 136 N.W.2d 768.

██ We, of course, do not know what considerations prompted the legislature to classify marijuana with those drugs the possession of which constitutes a felony, rather than with those the possession of which constitutes a misdemeanor. But, if it had before it testimony similar to that of Captain Moomaw of the Denver Police Department, which is quoted in part in *Stark,* which we assume it had, the basis for its classification would be justified. We cannot say the action of the legislature was arbitrary.

II.

██ Defendant's second point is that he was denied the equal protection of the law, contrary to Amendment XIV of the Constitution of the United States and article V, section 25, of the constitution of the State of Colorado, because, as a convicted *possessor,* he was made a felon, whereas as a convicted *user* of the same drug he would only be a misdemeanant. As pointed out above, his argument is that there can be no rational basis of differentiation because it is impossible to use marijuana without possessing it. The trial court accepted this argument. We do not.

An examination of the Colorado Narcotic Drugs Act, C.R.S. 1963, 48-5-1 *et seq.,* is necessary to determine whether a rational basis for differentiation exists. First, it makes it a misdemeanor to unlawfully *use* marijuana; second, it makes it a felony to unlawfully *possess* mari-

juana; and third, it makes it a felony, with a much more severe penalty than is provided for mere possession, to possess marijuana with the intent to induce or aid another to unlawfully *use* or *possess* it.

· The third category is aimed exclusively at "pushers." But, the severe penalty for possession alone may also be well aimed at pushers as suggested by the New Jersey Supreme Court in *State v. Reed*, 34 N.J. 554, 170 A.2d 419, wherein the court said:

"* * * It is well known that it is extremely difficult to apprehend and convict drug traffickers. Illegal transfers do not take place under the eyes of the police. They are clandestine operations carefully guarded from official scrutiny. The proscription of possession, without more, facilitates the enforcement of the law against traffickers by eliminating the burden of proving a transfer. If possession is interpreted not to include possession for imminent personal use, the purpose of facilitating enforcement against traffickers would be seriously hindered. * * *

"* * * [E]very unregulated possessor has the power to dispense the drugs to another. He is a source for the spread of narcotics addiction and all of the social evils which accompany it. It is well known that addicts often make drugs available to persons who have not previously used them. * * * "

In the *Reed* case, as here, the defendant contended that if possession for imminent consumption remained a violation of the Drug Act, in light of the newly enacted Use Act, then the Drug Act was to that extent unconstitutional as a denial of equal protection of the law. The court rejected the defendant's contention, stating:

"* * * [I]f the Legislature has reasonable grounds for distinguishing between a user who possesses for personal consumption and one who does not possess, then there is no denial of equal protection. * * *. The reasons previously advanced * * * show that possession of the drug is, in the context of narcotics law enforcement, a reason-

able standard for distinguishing some users from others. The cases cited by defendant are distinguishable from the one before us. In both *Olsen* and *Pirkey* the Washington and Oregon Supreme Courts, respectively, held unconstitutional a statute which made the same identical act committed under the same circumstances a felony or a misdemeanor. The elements of proof essential to either conviction were the same and therefore there was no legislative standard for determining what offenders could be charged with a felony. In the present case, the Legislature has prescribed a standard possession.

\* \* \*

"In the present case, the Drug and Use statutes also define two distinct offenses. Under the Drug Act, the State must prove that the accused had actual or constructive possession of a narcotic drug. (We note that the containment of a consumed narcotic within a person's blood or respiratory system is not constructive possession.) And under the Use Act, it is sufficient to prove that the accused used or was under the influence of a narcotic. Since the Drug and Use statutes define two distinct offenses, the fact that an accused who possessed and also used or was under the influence of a narcotic could be prosecuted for either offense or both does not alone affect the constitutional validity of the Drug or the Use statute. In such a situation, the decision to proceed under either or both of the statutes is traditionally the State's. \* \* \* "

Although the issue presented here has not been squarely passed upon by this court in the exact context of this case, the issue was specifically raised in *People v. Stark,* 157 Colo. 59, 400 P.2d 923. However, it was summarily disposed of, the court stating, "other arguments advanced in support of the judgment are without merit." The constitutionality of the Narcotics Drug Act on the point here in issue was thus sustained. In *Casias v. People,* 160 Colo. 152, 415 P.2d 344, *cert. denied,* 385 U.S. 979, 17 L.Ed.2d 441, 87 S.Ct. 523, the issue arose in a slightly different manner. In *Casias,* the challenge was

based upon article II, section 18 of the constitution of Colorado, which prohibits placing a person in jeopardy twice for the "same offense." In *Casias*, one of the defendants had been previously convicted of an offense involving "addiction" or "use" of marijuana (48-5-20(5)) which arose out of the same arrest as the "possession" charge which was in issue in the reported case.

The court, in rejecting the double jeopardy argument, stated:

"* * * In the case at bar, two distinct offenses are involved, one grounded on addiction [use] and the other on possession. An individual may illegally possess narcotics without being an addict [user], and an individual may be addicted [a user] and subject to legal sanctions without being in possession of narcotics at the same point in time. Since two separate offenses are involved here, the plea of former jeopardy was properly denied. * * * "

■■ It is a well established principle of law that a single transaction may give rise to the violation of more than one statutory provision, and in such a situation separate offenses are perpetrated, each of which may be subject to prosecution. *Harris v. United States*, 359 U.S. 19, 3 L.Ed.2d 597, 79 S.Ct. 560; *Gore v. United States*, 357 U.S. 386, 2 L.Ed.2d 1405, 78 S.Ct. 1280; *Blockburger v. United States*, 284 U.S. 299, 76 L.Ed. 306, 52 S.Ct. 180; *Wood v. United States*, 317 F.2d 736 (10th Cir.); *Smith v. United States*, 273 F.2d 462 (10th Cir.); *Toliver v. United States*, 224 F.2d 742 (9th Cir.); *Whitman v. People*, 161 Colo. 117, 420 P.2d 244; *Casias v. People*, 160 Colo. 152, 415 P.2d 344, *cert. denied*, 385 U.S. 979, 17 L.Ed.2d 441, 87 S.Ct. 523; *Hill v. Best*, 101 Colo. 243, 72 P.2d 471; *Ruff v. People*, 78 Colo. 474, 242 P. 633. The fact that a prosecutor has the discretion to prosecute a defendant under one or both of two distinct offenses, which arise from a single transaction, does not constitute an unconstitutional delegation of legislative authority, or a denial of equal protection of the laws. *United States v. Garnes*, 258 F.2d 530 (2nd Cir.); *Clemons v. United States*, 137

530

F.2d 302 (4th Cir.); *State v. States*, 44 N.J. 285, 208 A.2d 633.

 The test as to whether the same act or transaction constitutes a violation of two distinct offenses or only one was set forth by the United States Supreme Court in *Blockburger v. United States, supra*, as follows: "* * * The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. * * * "
Applying this test to Colorado's Narcotic Drugs Act, it is readily apparent that the use and possession sections of the act define two distinct offenses. *Casias v. People, supra.*

Although we, as individual judges, may disagree with the legislative classifications and the penalties prescribed for the several violations, we, as courts, cannot, where the judicial tests are met, invalidate the law in order to bend the legislature to our views.

 We hold that the trial court erred, as a matter of law, in holding C.R.S. 1963, 48-5-2 unconstitutional. Consequently, we disapprove its judgment.

MR. JUSTICE DAY and MR. JUSTICE GROVES not participating.