McDONALD v CHRYSLER CORPORATION

1. WORKMEN'S COMPENSATION—STATUTES—DEPENDENCY—PRESUMP-
   TION OF DEPENDENCY—DECEASED EMPLOYEES—INJURED EM-
   PLOYEES—CONSTITUTIONAL LAW—EQUAL PROTECTION.

   A provison in the Workmen's Compensation Act which extends to
   a widow who was living apart from her husband for justifiable
   cause or because he had deserted her a conclusive presumption
   of dependency upon a deceased employee while no similar
   presumption is granted for the wife of an injured workman, is
   not an unreasonable distinction nor a violation of equal protec-
   tion of the laws; public policy requires that the state maintain
   an attitude of solicitude toward widows, and, as the widow is
   the only source of competent nonhearsay testimony as to the
   issue of justifiable cause for living apart, no purpose is served
   by denying the presumption, whereas if the disabled employee
   is also available to provide such evidence the presumption
   should not be automatically granted (MCLA 418.331, 418.353;
   MSA 17.237[331], 17.237[353]).

2. WORKMEN'S COMPENSATION—DEPENDENCY—PRESUMPTION OF DE-
   PENDENCY—STATUTES—DECEASED EMPLOYEES—INJURED EM-
   PLOYEES—INTENT OF LEGISLATURE.

   An injured workman who is amicably separated from his wife so
   that his family can establish eligibility for public assistance is
   not "living with" his wife and children within the meaning of a
   section of the Workmen's Compensation Act providing benefits
   for dependents of injured workmen; because the act provides a
   presumption of dependency for widows living apart for justifia-
   ble cause but provides no such presumption for wives of injured
   employees, the maxim that the inclusion of one thing is the
   exclusion of another leads to the conclusion that the Legisla-
   ture intentionally varied the applicable sections of the act
   (MCLA 418.331, 418.353; MSA 17.237[331], 17.237[353]).

Appeal from Workmen's Compensation Appeal

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Workmen's Compensation §§ 511–522.

Board. Submitted March 11, 1976, at Detroit. (Docket No. 23889.) Decided April 6, 1976. Leave to appeal denied, 397 Mich 831.

Claim by Jimmie F. McDonald against Chrysler Corporation for workmen's compensation. Compensation granted. The Workmen's Compensation Appeal Board denied dependency benefits. Plaintiff appeals by leave granted. Affirmed and remanded for opportunity to present additional proofs.

*Philo, Maki, Cockrell, Robb, Spearman & Cooper,* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross* and *Earl Ward),* for defendant.

Before: M. F. CAVANAGH, P. J., and R. B. BURNS and QUINN, JJ.

R. B. BURNS, J. Plaintiff appeals from an adverse decision of the Workmen's Compensation Appeal Board reversing its hearing referee and denying dependency benefits.

Plaintiff's left hand was amputated as the result of a die press accident while he was working for defendant. At the time of the accident, plaintiff had been living apart from his wife for two or three years. Plaintiff's uncontroverted testimony was that this separation was amicable and motivated by economic considerations; specifically, that he absented himself from the home in order to enable his family to establish eligibility for public assistance. He testified that he regularly visited his family and that he gave his wife whatever money he could manage from his sporadic employment throughout the period of separation.

We granted leave in part to consider a discrepancy between two sections of the Workmen's Com-

pensation Act, and invited the parties to brief the following question:

"Does the provision in the Workmen's Compensation Act, extending the conclusive presumption of dependency upon a deceased employee to a wife who 'was living apart [from her husband] for justifiable cause or because he had deserted her', MCLA 418.331; MSA 17.237(331), whereas no similar provision is made for the wife of an injured workman, MCLA 418.353; MSA 17.237(353), deny plaintiff the equal protection of the laws?"

The "injured workman" statute, MCLA 418.353; MSA 17.237(353), only grants the conclusive presumption of dependency if the wife is "living with" the workman as of the date of injury; the "living apart for justifiable cause" provision is not contained in this section of the statute. The statute further provides, however, that a wife (and children) not living with the injured workman may, although not afforded the presumption, still establish dependency "in fact" providing that she receives more than one half of her support from the workman.

The referee's decision essentially found that plaintiff and his wife were still living together, albeit separately, within the meaning of the statute, and he applied the conclusive presumption. The appeal board, by a 3–2 majority, reversed this finding of "living with" and indicated that plaintiff could petition again if he wished to attempt to show dependency in fact.

We first consider whether the statutory classification reserving the conclusive presumption to widows represents a denial of equal protection to the similarly situated wives of injured workmen. As neither a "suspect classification" nor a "funda-

mental interest"[1] is involved necessitating a "strict scrutiny" standard of judicial review, we evaluate this statutory discrimination by the "traditional" or "rational basis" test of equal protection. As stated in *People v Harper,* 1 Mich App 480, 483; 136 NW2d 768, 769 (1965), quoting from *Gauthier v Campbell, Wyant & Cannon Foundry Co,* 360 Mich 510, 514; 104 NW2d 182, 184 (1960):

" ' "The standards of classification are:

" ' " '1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' Citing cases." ' "

We believe that the following basis "reasonably may be conceived to justify" this classification: The public policy requires (or permits) that, especially in the area of protective legislation, the state maintain an attitude of solicitude toward widows.

Additionally, it must be realized that providing

[1] As recited in *Anderson v Detroit,* 54 Mich App 496, 499; 221 NW2d 168 (1974) (fn 1):

"Suspect classifications are those based upon race, alienage, national origin, and sex. Fundamental interests include the right to vote and travel, privacy, due process in criminal matters, and specific guarantees in the Bill of Rights." (Citations omitted.)

the "justifiable cause" presumption for widows does not effect any variation in the respective *rights* of the widows and wives. The right in both instances is the same: Recovery of dependency benefits. The conclusive presumption is merely an accommodation in proof, and an apparent and reasonable evidentiary basis for this accommodation can be readily surmised. That is: As the widow is the only source of competent, non-hearsay testimony as to the issue of justifiable cause for living apart, no purpose will be served by denying the presumption; conversely, where the disabled employee is also available to provide such evidence, the presumption should not be automatically granted.

We do not find the varying availability of the conclusive presumption in MCLA 418.331; MSA 17.237(331) and MCLA 418.353; MSA 17.237(353) to be unreasonable and a violation of equal protection of the laws.

We next consider the appeal board's holding that plaintiff was not "living with" his wife and children within the meaning of the statute.

We are aware of the generally accepted legal fiction recited in 2 Larson's Workmen's Compensation Law, § 62.40, pp 11–48, 11–50.

"The phrase 'living with' has usually been given a constructive meaning going well beyond physical presence under the same roof. * * * Separation for economic reasons, because of the husband's inability to provide adequate residence and support, is not voluntarily living apart."

Nevertheless, this principle is clearly inconsistent with the specific language of Michigan's law. Again, MCLA 418.331; MSA 17.237(331) provides the presumption for widows "living with" or "liv-

ing apart for justifiable cause", while MCLA
418.353; MSA 17.237(353) simply states "living
with". The legal maxim that the inclusion of one
is the exclusion of another leads to the obvious
conclusion that the Legislature's intent was not to
indulge the fiction that "living with" could include
"living apart". We must conclude that the Legisla-
ture varied these sections intentionally. *Holden v
Gifford Lumber Co,* 231 Mich 532; 204 NW 689
(1925), emphasized by the hearing referee, is a
death benefits case, and inapposite.

The appeal board's decision that the conclusive
presumption does not apply in this case is af-
firmed. The case is remanded to the appeal board
to enable plaintiff an opportunity to present proofs
as to dependency in fact.