596 P.2d 395 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
William Robert HANES and Charles David Poole, Defendants-Appellants.
No. 76-534.
Colorado Court of Appeals, Division III.
January 5, 1978.
Rehearing Denied February 2, 1978.
Certiorari Granted May 22, 1978.
*396 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., J. Stephen Phillips, Linda Palmieri Rigsby, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Gene Beville, Deputy State Public Defender, Denver, for defendants-appellants.
STERNBERG, Judge.
William Hanes and Charles Poole were found guilty by a jury of second degree forgery in violation of § 18-5-103, C.R.S. 1973. They appeal and we affirm.
One Rebecca Barton testified that a Marvin Hancock had given her his gasoline credit card and his permission to use it. She made frequent use of the card to charge gasoline for herself and her friends. Eventually, however, she decided to leave town and said she threw the card away on a filling station drive. Defendant William Hanes' brother Charles, however, testified that Rebecca Barton handed him the card, said, "Do what you want with it," and from that he concluded that he had permission to use the card.
Defendant Hanes testified that when he asked his brother if Rebecca would mind if he also used the card, Charles said, "No." Defendant Hanes then used the card at various service stations by signing Marvin Hancock's name. He also loaned it to defendant Charles Poole. Poole did not testify at trial, but denied to an investigator that he had ever made any purchases with Hancock's credit card. Nevertheless, an expert witness identified both Hanes' and Poole's handwriting on invoices of transactions in which the card had been used. Invoices allegedly signed by Hanes exceeded $100 while those allegedly signed by Poole were less than that amount.
After receiving a large bill on his account, Marvin Hancock reported to the issuer that his credit card had been stolen. William Hanes and another friend later were apprehended at a filling station when they attempted to use the card.
Contrary to defendants' contention, there was sufficient evidence to support their conviction. The jurors could have accepted Rebecca's testimony and rejected the version given by the Hanes brothers and Poole. They could also have rejected Poole's statement to the investigator and, instead, have accepted the testimony of the handwriting expert, who matched both defendants' writing with the signature on the invoices. It is for the jury to assess the credibility of the witnesses. If the relevant testimony and other evidence, both direct and circumstantial, when considered as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty beyond a reasonable doubt, we may not overturn the verdict on appeal. People v. Bennett, 183 Colo. 125, 515 P.2d 466 (1973).
Defendant Poole contends also that he was denied a fair trial because his trial counsel was incompetent. In Colorado, *397 "[i]t is incumbent on the accused to demonstrate flagrant shortcomings from which it can be reasonably concluded that he did not receive reasonably effective assistance of counsel."People v. Grant, 40 Colo.App. 46, 571 P.2d 1111 (1977). See also People v. White, 182 Colo. 417, 514 P.2d 69 (1973); People v. Gonzales, 37 Colo.App. 8, 543 P.2d 72 (1975). Although our review of the record reveals that Poole's counsel was not as active a participant in the trial as Poole might have desired, prejudice to Poole is not apparent. Thus, Poole has not met his burden of proof on this issue.
In seeking reversal, defendants also assert that they were denied their right to a fair trial because the trial court refused to discharge an inattentive juror. During defense counsel's closing argument, when the court observed one juror's eyes closed, the court asked for an explanation and the juror responded that he had a headache and was listening, "without looking at anyone." The court commented, in effect, that it had watched the juror throughout the trial, without cause for concern. On appeal we will not disturb the discretionary judgment of the trial court, which is in a favored position for observation of the juror. See State v. Pace, 527 P.2d 658 (Utah 1974).
Although defendants insist that they had "advised the court on the first occasion" that they thought the juror had been asleep during the trial, the record reveals no such advisement. The conduct of a juror in open court is a matter of which the trial court has knowledge and may take judicial notice, and if counsel is aware of any juror misconduct it is his duty to call it to the attention of the court at the time. United States v. Carter, 433 F.2d 874 (10th Cir. 1970).
The final contention of error is that the trial court erred in refusing a "theory of the case" instruction of what defendants assert is the lesser included offense of fraudulent use of a credit device. We perceive no error.
Second degree forgery, the offense of which the defendants were charged and convicted, is a class four felony. Section 18-5-103(2), C.R.S. 1973. Fraudulent use of a credit device is also a class four felony, if the credit, property or services obtained have a value of $100 or more; otherwise it is a class two misdemeanor. Section 18-5-202(3) and (4), C.R.S. 1973.
Hanes and Poole argue that because the jurors might have found that the amounts charged by each totaled less than $100, they could have been acquitted of the forgery charge and convicted of the misdemeanor of fraudulent use of a credit device as a lesser offense. See People v. Rivera, 186 Colo. 24, 525 P.2d 431 (1974).
However, it has been held specifically by the Supreme Court that, when the evidence would support a conviction under either offense, it is within the discretion of the district attorney to prosecute under the general forgery statute, rather than the more specific credit card law. People v. James, 178 Colo. 401, 497 P.2d 1256 (1972). A single transaction may give rise to the violation of more than one statute, People v. McKenzie, 169 Colo. 521, 458 P.2d 232 (1969). Here, the evidence presented would have supported convictions of forgery and fraudulent use of a credit device. Therefore, in the face of the explicit holding in James, we are required to reject any argument that would subvert that holding by permitting the jury to be instructed on the parallel and more specific charge of fraudulent use of a credit device, even though a jury could have convicted of that charge under the evidence before it. See also People v. Ortega, 181 Colo. 223, 508 P.2d 784 (1973); Hucal v. People, 176 Colo. 529, 493 P.2d 23 (1971). Moreover, to allow the jury to convict on the credit device charge where, as here, there is no rational basis to acquit on the charge of forgery would be to usurp the prosecutor's discretion to charge under the general rather than the specific offense. See People v. Rivera, supra. See also § 18-1-408(6), C.R.S. 1973, which provides that:

*398 "The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."
The other contentions of error have been considered and found to be without merit.
Judgment affirmed.
VanCISE, J., concurs.
KELLY, J., concurs in part and dissents in part.
KELLY, concurring in part and dissenting in part.
I concur with the majority that no instruction on fraudulent use of a credit device was required as to defendant Hanes. The evidence established beyond a reasonable doubt that he obtained credit, property, or services exceeding $100 in value, and the jury so found; thus, the evidence did not support his tendered instruction on the misdemeanor offense.
I respectfully dissent from that part of the majority opinion which affirms the trial court's refusal to give the defendant Poole's tendered instruction on fraudulent use of a credit device. I do not regard either People v. James, 178 Colo. 401, 497 P.2d 1256 (1972) or People v. McKenzie, 169 Colo. 521, 458 P.2d 232 (1969), as prohibiting the giving of the lesser offense instruction. Both James and McKenzie are based on the proposition that a single transaction may constitute the violation of multiple criminal statutes. Moreover, it is pointed out in James that the offenses of forgery and fraudulent use of a credit device are different and distinct offenses, and in my view, it is implicit in James that both offenses may be committed during the course of the same criminal transaction. Thus the credit card offense is not included in forgery and Poole's case falls squarely within the holding of People v. Rivera, 186 Colo. 24, 525 P.2d 431 (1974).
Since Rivera, it has become well established that a defendant is entitled to an instruction on his theory of the case as revealed by the evidence. This includes an instruction on a lesser, though not included, offense, if such an instruction is supported by the evidence, and if the defendant requests it. In my view, where the lesser offense is not an included offense, it is not necessary that there be a rational basis in the evidence for acquittal of the greater offense and analytically, the defendant could be convicted of both offenses. What is required, however, is adherence to the mandate of Rivera that the instruction permit the jury to find the defendant innocent of the principal charge and guilty of the lesser.
The counts for which Poole was convicted did not involve credit, property, or services with a value of $100 or more. Consequently, the evidence would have warranted a verdict finding Poole guilty of the misdemeanor offense of fraudulent use of a credit device. Section 18-5-202(1) and (4), C.R.S. 1973. I would therefore reverse the conviction of Poole and grant him a new trial.